DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Marc Miller, et al., ) | |
| ) | CASE NO. 1:06 CV 2962 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| Cabell Financial Corporation, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

The Court has raised *sua sponte* the issue of subject matter jurisdiction and the parties have filed briefs at the Court's request.[1] Having considered the briefs and the record as it exists to date, the Court concludes that there is no subject matter jurisdiction. Therefore, for the reasons set forth below, the case will be dismissed without prejudice.

This case ("Case 2") was filed on December 11, 2006. It was assigned to the docket of the undersigned, pursuant to LR 3.1(b)(4), because it was a re-filed case, having first been filed as Case No. 5:05 CV 962 ("Case 1").

Case 1 was initially filed in Summit County Court of Common Pleas on March 4, 2005. On April 14, 2005, several of the defendants filed a notice of removal, asserting federal question jurisdiction. They alleged that plaintiffs' complaint stated claims under the Securities and Exchange Act of 1934, even though the complaint only mentioned that Act in passing (<u>see</u> Case

---

[1] <u>Owens v. Brock</u>, 860 F.2d 1363, 1367 (6th Cir. 1988) ("defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings").

(1:06 CV 2962)

1, Doc. No. 1-2, ¶ 52)[2] and was otherwise based entirely on Ohio law. On December 13, 2005, the case was dismissed without prejudice on the parties' joint stipulation. (Case 1, Doc. No. 76).

Case 2 was then filed on December 11, 2006. Plaintiffs filed a complaint that was practically identical to the complaint in Case 1, except that, this time, plaintiffs filed it directly in this Court, alleging diversity jurisdiction. A First Amended Complaint was filed on February 5, 2007, still asserting diversity jurisdiction.[3] The Court immediately questioned the basis of jurisdiction since all but one of the plaintiffs and all but one of the defendants are residents of Ohio. Clearly, neither the complaint nor the amended complaint met the requirements for complete diversity.[4]

At the Case Management Conference conducted on May 18, 2007, the Court raised the jurisdictional issue and asked the parties to brief the question promptly. Each of the parties who

---

[2] This paragraph of the Complaint in Case 1 stated:

> 52. The sale of the Debentures as conducted by all Defendants violated current or former Ohio Revised Code § 1707.01 et seq.; the Securities Act of 1933; the Securities Exchange Act of 1934; § 1707.41, § 1707.43 and § 1707.44 of the Ohio Revised Code; § 1341, § 1343 and § 1344, Title 18 U.S. Code; Section 204A of the Investment Advisors Act of 1940; and other violations, due to each of the allegations herein.

[3] The Court had actually ordered the filing of an amended complaint, not out of any concern over jurisdiction, but following its usual practice of requiring the pleadings to be in a particular non-boilerplate format. At the time the Court ordered the amendment, it had not yet noticed the lack of diversity.

[4] "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). Diversity is determined at the time of the filing of a lawsuit. See Smith v. Sperling, 354 U.S. 91, 93 & n. 1 (1957).

(1:06 CV 2962)

filed a brief argued that, although complete diversity is indeed lacking, there is federal question jurisdiction.  They make this argument based on the following single paragraph in the 73-paragraph First Amended Complaint setting forth ten counts *all* identified as state law claims:

> 55.  The sale of the Debentures as induced by the acts of, and conducted by all Defendants violated current or former Ohio Revised Code §1707.01 et seq.; the Securities Act of 1933; the Securities Exchange Act of 1934; §1707.41, §1707.43 and §1707.44 of the Ohio Revised Code; Section 204A of the Investment Advisors Act of 1940; and other violations, due to each of the allegations herein, in particular the unlawful engagement in fraudulent or deceitful practices in connection with the sale of the Debentures, as described and alleged herein.

The parties argue that the mere *mention* of the Securities Act of 1933, the Securities Exchange Act of 1934, and Section 204A of the Investment Advisors Act of 1940 is sufficient to establish federal question jurisdiction.[5]  The Court disagrees.

---

[5]  The Securities Act of 1933 was enacted shortly after the crash of Wall Street in 1929 and was the first Act designed to protect consumers.  Now there are seven such acts: the Securities Act of 1933 (15 U.S.C. § 77a to 77z); the Securities Exchange Act of 1934 (15 U.S.C. § 78a to 78ll); the Public Utility Holding Company Act of 1935 (15 U.S.C. § 79 to 79z-6); the Trust Indenture Act of 1939 (15 U.S.C. § 77aaa to 77bbbb); the Investment Company Act of 1940 (15 U.S.C. § 80a-1 to 80a-64); the Investment Advisers Act of 1940 (15 U.S.C. § 80b-1 to 80b-21); and the Securities Investor Protection Act of 1970 (15 U.S.C. § 78aaa to 78lll).
 The Securities Act of 1933 is directed primarily at public offerings of securities.  Subject to certain exemptions, the 1933 Act requires the registration of all securities when first made publicly available.  The scope of the 1933 Act is limited, covering only distributions (both primary and secondary) of securities.  The 1933 Act's investor protection extends only to purchasers (not sellers) of securities.
 The Securities Exchange Act of 1934 extended regulation over a wider segment of the securities industry.  It also established the Securities and Exchange Commission.  The 1934 Act regulates all aspects of public trading of securities, covering both sellers and purchasers of securities, and imposing disclosure, reporting, and other duties on publicly held corporations.  It deals with, *inter alia*, stock manipulation, insider trading, manipulative or deceptive devices or contrivances in connection with the purchase or sale of stock, and misstatements in documents filed with the SEC.  The 1934 Act has been amended several times.

(1:06 CV 2962)

It is quite clear that, notwithstanding their passing mention of three federal statutes, plaintiffs intended to set forth only state law claims.  When Case 1 was filed, it was filed in state court and ended up in federal court only because some of the defendants relied on the mention of these federal statutes as a basis for removal.  Apparently in acknowledgment of the fact that the case would simply be removed again if it were re-filed in state court, plaintiffs filed Case 2 directly in federal court.  However, it is notable that plaintiffs still did not rely on federal question jurisdiction, instead citing diversity as the jurisdictional basis.

The ten-count First Amended Complaint sets forth the following state law claims: (1) breach of contract; (2) common law fraud against defendants Cabell, Manning and Backus; (3) common law fraud against defendant White; (4) piercing Cabell's corporate veil; (5) piercing Mannco's [Manning & Banks, Inc.'s] corporate veil; (6) fraudulent transfers under O.R.C. § 1336.01, et seq; (7) Ohio securities fraud under O.R.C. § 1707, et seq.; (8) equitable relief; (9) Ohio Corrupt Practices Act, O.R.C. § 2923.32, et seq.; and (10) declaratory judgment under O.R.C. § 2721.03, et seq.  The paragraph mentioning the federal statutes (¶ 55, quoted above) is contained in the seventh count.

It is quite clear that plaintiffs initially intended and still intend to advance only state law claims, notwithstanding passing mention of federal statutes.  Even Count Seven, which mentions the federal statutes, tracks the elements of an Ohio securities fraud claim under Ohio Revised Code Chapter 1707.  Count Seven does not set forth with particularity as to each separate defendant the fundamental elements of any federal securities fraud claim under any of the federal statutes mentioned.  Pleading rules require that fraud claims be pled with particularity.  The mere

4

(1:06 CV 2962)

mention of the popular names of three federal statutes (without any actual statutory citation) in a count of the complaint captioned as a state law claim is not enough to convert that state count into a federal count; nor is it sufficient to establish subject matter jurisdiction in this Court.

The Court concludes that it lacks subject matter jurisdiction because there is no federal question claim pled in the complaint <u>and</u> because complete diversity is lacking.

Accordingly, the Court *sua sponte* dismisses this action without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.


  June 13, 2007                                *s/ David D. Dowd, Jr.*  
Date                                           David D. Dowd, Jr.  
                                               U.S. District Judge